# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **WILLIAM DAVID FAIN and MELISSA ANN WYATT,** | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 7:23CV00187 |
| v. | ) ) ) | **OPINION** |
| **DANIEL SMITH, ET AL.,** | ) ) | J͟UDGE͟ J͟AMES͟ P. J͟ONES͟ |
| Defendants. | ) ) | |

*William Fain and Melissa Ann Wyatt, Pro Se Plaintiffs.*

Plaintiff Melissa Ann Wyatt, proceeding pro se, filed a handwritten Complaint, as a "concerned parent" on behalf of her son, William David Fain, a Virginia inmate. Compl. 4, ECF No. 1. Because Ms. Wyatt is not an attorney, she cannot litigate this case on behalf of her son, as she is attempting to do. Moreover, the Complaint fails to state facts showing how the individual defendants violated the constitutional rights of either of the plaintiffs. Therefore, I must summarily dismiss the Complaint without prejudice.

The Complaint alleges that officials at the Patrick County Jail (Jail) failed to provide appropriate mental health care to Mr. Fain, who allegedly has "PTSD and Bipolar disorder." Compl. 4, ECF No. 1. Mr. Fain was held in a segregated confinement unit at the Jail for 128 days because he had assisted law enforcement.

After Jail officials refused to allow him to attend his grandmother's funeral in January 2022, his mother feared he might be planning to harm himself. She called Jail officials repeatedly, asking them to check on her son. On March 9, 2022, Mr. Fain attempted to hang himself. Officials airlifted him to Roanoke Memorial Hospital, and he survived. Thereafter, authorities released him to his mother's custody for a few weeks. On May 13, 2022, he returned to the Jail, where officials placed him on a suicide watch. Officials also allegedly withheld his medications. Later in May, Jail officers transferred Mr. Fain to a mental health facility in Danville, Virginia. Medical staff diagnosed him with MRSA and a staph infection in his leg. At some point thereafter, Mr. Fain was transferred to Greensville Correctional Center, a facility operated by the Virginia Department of Corrections, where he is currently confined.

Section 1983 of Title 42 of the United States Code permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Under 42 U.S.C. § 1997e(c)(1), the court must dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." To avoid such a dismissal, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face,"

rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Ms. Wyatt represents herself as a pro se plaintiff. As such, Ms. Wyatt is not permitted to represent any person in federal court other than herself. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Myers v. Loudon Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for oneself does not create a similar right to litigate on behalf of others). In short, Ms. Wyatt cannot litigate this § 1983 case on behalf of her son, William Fain. Moreover, she does not state any facts showing that the defendant jail officials violated her own constitutional rights in any way, and she has not prepaid the $402 filing costs for this case. Therefore, I will summarily dismiss without prejudice all claims raised on behalf of Ms. Wyatt as a plaintiff and direct the Clerk to terminate her as a party to the case.

Mr. Fain appears to have also signed the Complaint, and the allegations relate to the conditions and medical care that he allegedly experienced at the Jail. The Complaint does not, however, provide facts showing how each of the defendants named in the Complaint acted (or failed to act) in a manner that violated Mr. Fain's constitutional rights. In a § 1983 case, "liability will only lie where it is affirmatively

shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).  Finally, Mr. Fain has not prepaid the filing costs for this civil action.  Accordingly, I will summarily dismiss this case without prejudice.

If Mr. Fain wishes to pursue a § 1983 case regarding events described in this case, he may do so by filing a new and separate Complaint on his own behalf, describing in detail what each defendant did (or failed to do) that violated his constitutional rights.  He will also need to consent to pay the filing fee through installments from his inmate trust account, pursuant to 28 U.S.C. § 1915(b).  Finally, he must exhaust administrative remedies available at the Jail before pursuing a federal court action.  42 U.S.C. § 1997e(a).

A separate Final Order will be entered herewith.

DATED:  May 4, 2023

/s/  JAMES P. JONES
Senior United States District Judge